

James B. Slaughter
1350 I Street NW Suite 700
Washington, DC 20005-3311
+1.202.789.6040
jslaughter@bdlaw.com

Joshua H. Van Eaton
1350 I Street NW Suite 700
Washington, DC 20005-3311
+1.202.789.6033
jvaneaton@bdlaw.com

January 16, 2020

**Via Electronic Case Filing**

The Honorable George L. Russell, III
United States District Judge
District of Maryland
101 West Lombard Street
Baltimore, MD 21202

      Re:    *Wheelabrator Baltimore, L.P., et al. v. Mayor and City Council of Baltimore,* No. 1:19-cv-01264- GLR (D. Md.)

Dear Judge Russell:

      We write on behalf of Plaintiffs in the above-captioned case, who are challenging the legality of the Baltimore Clean Air Act (the "Act"), enacted on March 7, 2019 by the Baltimore City Council, to request that the Court convene a case management conference. The Parties were last before the Court in a telephone conference on July 18, 2019. Since then, the Parties have fully briefed their cross-motions for summary judgment on the preemption claims at issue (counts 1 through 5 of the Complaint), which present questions of law that are now ripe for disposition. Two recent developments, discussed briefly below, confirm that Plaintiffs cannot comply with the Act's approaching implementation deadlines. Consequently, Plaintiffs request that the Court convene an in person case management conference at the Court's earliest convenience, and no later than January 31, if possible, to discuss scheduling oral argument on the pending motions and a schedule for a potential preliminary injunction motion, if needed.

      Plaintiffs' request for a schedule is driven by: (1) a December 27, 2019 independent study by Babcock Power Environmental ("Babcock") submitted to the Maryland Department of Environment ("MDE") analyzing the feasibility and timelines for install various nitrogen oxide ("NOx") control technologies at the Wheelabrator Baltimore facility. While the study was mandated by MDE and was completely independent of requirements under the Act, the study included technologies capable of meeting the NOx limits in the Act, achievable in timelines well beyond the Act's implementation deadlines; and (2) Wheelabrator Baltimore and Curtis Bay's



Hon. George L. Russell, III
January 16, 2020
Page 2

discussions with Cemtek Instrument, Inc. ("Cemtek"), the sole Air Monitoring Contractor certified by the City to provide continuous emission monitors ("CEMS") to meet the Act's monitoring requirements, which Cemtek speculated that it may not be able to provide by the Act's deadline.  As we will explain during the scheduling conference, Plaintiffs cannot meet the Act's September 2020 and January 2022 deadlines for the installation of pollution controls and monitoring equipment, subjecting them to significant civil and criminal sanctions.

Accordingly, and as discussed with the Court at the July status conference, Plaintiffs may soon need to seek a preliminary injunction staying the Act.  Specifically, Wheelabrator Baltimore and Curtis Bay cannot knowingly commit a potential criminal violation by continuing to operate after the Act's September 2020 deadline for Cemtek to install and operate the air monitoring equipment at the facilities.  Furthermore, absent a stay, the Plaintiffs face the prospect of immediately beginning to spend tens of millions of dollars to initiate a multi-year engineering, procurement, fabrication, and installation process to comply with a law that they believe the Court will ultimately find to be invalid.  And absent a stay, Wheelabrator Baltimore will be required to shut down by September 7, 2020 for a period of likely years, causing significant disruption, costs, and public health challenges for the management of solid waste in the greater Baltimore area.

Counsel for the Parties held a telephone conference on Friday, January 10, 2020.  During the call, Plaintiffs informed the City's counsel of the two developments identified above and of Plaintiffs' intent to send this letter to the Court requesting a scheduling conference. Subsequent to the call, Plaintiffs provided a copy of the Babcock study to the City.

Plaintiffs believe it will assist the Court and all Parties to schedule a case management conference to discuss these issues and allow the Plaintiffs to further explain the exigencies they face, and to discuss with the Court scheduling a date for oral argument on the pending motions (should the Court desire it), and a potential preliminary injunction briefing schedule.

Respectfully submitted,

*/s/ Joshua H. Van Eaton*

James B. Slaughter
David M. Friedland
Joshua H. Van Eaton
Roy D. Prather III

*Counsel for Plaintiffs Wheelabrator Baltimore, L.P., Energy Recovery Council, National Waste & Recycling Association, and TMS Hauling, LLC*



Hon. George L. Russell, III
January 16, 2020
Page 3

                                          */s/ M. Trent Zivkovich*

                                          M. Trent Zivkovich
                                          Michael Powell

                                          *Counsel for Plaintiff Curtis Bay Energy, L.P.*

                                          (signed with permission from M. Trent Zivkovich
                                          and Michael Powell)


cc:    Matthew Nayden, Esq., Counsel for Defendant Mayor and City of Baltimore
         Doris Weil, Esq., Counsel for Defendant Mayor and City of Baltimore
         John Dougherty, Esq., Counsel for Defendant Mayor and City of Baltimore